UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| In Re: | Chapter 7 |
| --- | --- |
| CLIFTON COLE | Case #19-77656 (las) |
| Debtor. | |
| R.J. BRUZZANO, JR., ALDO IANUZZI, et al., | Adv. Pro. No. 20-08256 (las) |
| Plaintiffs, | |
| -against- | **AFFIRMATION IN SUPPORT** |
| CLIFTON COLE, | |
| Defendant. | |

The Joint Motion made by R.J. Bruzzano, Jr. by his counsel, Jennifer A. Pasquantonio, Esq., Aldo Ianuzzi And Carmela Ianuzzi, Daniel O'Connel, Vincent Castanzo, William McNulty, Richard McGuire, David Dias, Leonard Catalano by their counsel, Eric A. Sackstein, Esq., and Stephen LaRosa and Patricia LaRosa and Nellie Costa by their counsel Jeffrey C. Daniels, PC., (herein known as the "Joint Plaintiffs") respectfully submit this Motion pursuant to Rules 37(b)(2), 37(c) and 37(d)(3) of the Federal Rules of Civil Procedure and Rule 7037 of the Federal Rules of Bankruptcy Procedure applicable in contested matters via FRBP 9014(c): a) sanctioning the Defendant for not obeying a discovery order and failing to disclose as required by Rule 26 (a) and prohibiting him from introducing the discovery not provided to Plaintiffs into evidence on a motion, at a hearing or at trial; (b) striking the Defendant's pleadings set forth in his answer related to the matters not complied with; (c) to pay for reasonable expenses including attorney's fees caused by Defendant's failure; and (d) such other and further relief as the Court may deem just and proper.

Jennifer A. Pasquantonio, Esq., duly affirms under the penalties of perjury as follows:

1. I am an attorney admitted to practice law in the U.S. District Court and U.S. Bankruptcy Court for the Eastern District of New York and am joined in this Motion by the aforementioned Co-Counsel, Eric Sackstein, Esq. and Jeffrey C. Daniels, Esq.

2. The motion is submitted on behalf of the Joint Plaintiffs in the above captioned Adversary Case against the Defendant, Clifton Cole. As Co-Counsel for the Joint Plaintiffs, I am familiar with the facts, prior proceedings and circumstances set forth herein.

3. The motion seeks an Order for appropriate sanctions in this case against the Defendant for failure to comply with the Court's Scheduling Order regarding discovery and failure to disclose pursuant to FRCP Rule 26. Joint Plaintiffs seek relief from the Court to a) prohibit Defendant from introducing matters, into evidence on a motion, at a hearing or at a trial, that he has failed to provide to Plaintiffs as requested during discovery; b) to strike applicable pleadings in Defendant's Answer that relate to said evidence; and c) to pay for reasonable expenses including attorney's fees caused by his failure.

## FACTUAL BACKGROUND

4. On November 8, 2019, Clifton Cole ("Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On January 31, 2020, the Debtor converted his case to a Chapter 7 pursuant to an Order of this Court signed and entered on said date.

5. On January 5, 2021, the Summons and Adversary Complaint were served on the Debtor-Defendant, Clifton Cole. A copy of the Court's Order Setting a Pre-Trial Conference for March 4, 2021, which required the appearances by parties or their attorneys, was served on the Defendant, as well. On February 2, 2021, Defendant served an Answer to the Complaint. A copy of the Answer is attached as Exhibit "1".

6. On March 4, 2021, attorneys for the Joint Plaintiffs appeared for the Pre-Trial Conference. Defendant did not appear for the conference and submitted unsigned documents that he had been in the hospital. Defendant's nurse practitioner wrote he would not be able to fully participate but would fully recover in 3-4 weeks. The Court adjourned the conference to March 25, 2021. Copies of the e-mail from Defendant's co-worker and his NP's unsigned letter are attached as Exhibit "2".

7. On March 9, 2021, only five days later, Defendant, discussed on-line how his COVID vaccine shot had not interrupted his 14-hour workdays and his work flipping houses with his business partner, Peter Colucci.

8. On March 25, 2021, the Court held a Pre-Trial Conference, which was attended by Counsel for the Joint Plaintiffs and Defendant. Counsel for Joint Plaintiffs advised the Court that it had commenced discovery requests on non-parties and the Defendant. During the discussions on discovery, the Court instructed the Defendant that he chose to proceed *pro se* and the case was in the discovery phase.

9. On March 26, 2021, the Court issued a Scheduling Order in the Adversary Case. The Court's Order provided that all discovery shall be completed no later than **May 25, 2021**. A copy of the Order is attached as Exhibit "3".

10. On February 19, 2021, Counsel for Joint Plaintiffs e-mailed Defendant regarding FRCP 26 disclosures and requested copies of communications with his ex-wife, Rachel Cole and Ty Edwards Rodriguez, surrounding the time of an alleged tenancy and agreement to sell the prior marital residence. Counsel did not receive a response from Defendant. A copy of the e-mail is attached as Exhibit "4".

11. On February 23, 2021, Counsel for Joint Plaintiffs e-mailed Defendant requesting

documents that specifically dealt with the allegations in his Answer that 1) Plaintiffs illegally clouded title, 2) deals that Plaintiffs "killed" re Para. 7 and 3) Plaintiffs' permission to Defendant that their interests in properties be substituted by other investors re Para. 8. Counsel did not receive a response from Defendant. A copy of the e-mail is attached as Exhibit "5".

12. On March 6, 2021, Counsel for Joint Plaintiffs mailed Defendant a formal written request for the discovery requested in the aforementioned e-mails. A copy of the Document Request is attached as Exhibit "6".

13. On April 9, 2021, Counsel for Joint Plaintiffs e-mailed Defendant again that discovery responses to the e-mails and written request for discovery had not been received as requested herein. A copy of the e-mail is attached as Exhibit "7".

14. On April 9, 2021, Defendant e-mailed that he was in the process of hiring counsel and we would have all the answers we need and then some, but no attorney information was provided in the e-mail. Further, it has now been two months since this e-mail and no counsel has appeared for Defendant. A copy of the e-mail is attached as Exhibit "8".

15. On April 14, 2021, Counsel for Joint Plaintiffs e-mailed and mailed Defendant a letter holding him in default of the requests for discovery. Copies of the e-mail and letter are attached as Exhibit "9".

16. On April 15, 2021, Defendant replied that his attorney was jet lagged, he had been retained and would be in touch with the court as he was reviewing the case, but no attorney information was provided in the e-mail. A copy of the e-mail is attached as Exhibit "10".

17. On April 28, 2021, Counsel for Joint Plaintiffs mailed Defendant copies of discovery and again wrote that he was in default for failure to respond to discovery requests. Counsel did not receive a response. A copy of the letter is attached as Exhibit "11".

18. On May 24, 2021, Counsel for Joint Plaintiffs e-mailed Defendant regarding the motion for contempt and sanctions against his business partner, Peter Colucci, along with a copy of the emails for discovery requests from April 14 and 15, 2021. Counsel did not receive a response. A copy of the e-mail is attached as Exhibit "12".

19. On May 25, 2021, Counsel for Joint Plaintiffs e-mailed Defendant that it would proceed with a motion for contempt and again addressed the requests for discovery, which had gone unanswered. Counsel did not receive a response. A copy of the e-mail is attached as Exhibit "13".

20. On June 4, 2021, Counsel for Joint Plaintiffs, emailed and mailed a letter to Defendant, which included copies of the Court's Scheduling Order and requests for discovery. The letter advised Defendant about the seriousness of his failure to comply and Plaintiffs' intention of requesting relief from the Court that prohibited him from introducing information and evidence requested but not provided to Plaintiffs and to strike the pleadings in his Answer that related to this information and documents. Counsel did not receive a response. A copy of the letter is attached as Exhibit "14" (without attachments as they are set forth above).

21. Counsel for Joint Plaintiffs request the Court be reminded that Defendant has repeatedly not complied with orders of the Court, specifically, 1) in the bankruptcy case of his prior business partner, Patrick Vertucci, US Bankruptcy Court, EDNY, Case #18-73910, and 2) as set forth in the Adversary Case Complaint that involved the NYS Supreme Court, Suffolk County and this Court regarding 2004 examinations and requests for discovery that were ordered by this Court.

22. Defendant has failed to produce any requested documents specified in the e-mails and the Plaintiffs First Set of Document Requests dated March 6, 2021.

23. Defendant's aforementioned failure constitutes non-compliance with the Court's Scheduling Order for discovery dated March 26, 2021.

24. Further, Defendant's aforementioned failure constitutes non-compliance with FRCP Rule 26 discovery.

25. As a result of Defendant's failures, Joint Plaintiffs request this Court enter an order in accordance with FRCP Rules 37(b)(2), 37(c) and 37(d)(3) and FRBP Rule 7037 prohibiting Defendant from introducing the discovery requested but not provided to Plaintiffs on a motion, hearing or trial and striking Defendant's pleadings set forth in his answer related to the matters not complied with, specifically, paragraphs numbered "7" and "8" in the Answer.

## LEGAL AUTHORITY FOR MOTION PURSUANT TO FRCP Rules 37(b)(2), 37(c) and 37(d)(3) and FRBP Rule 7037

26. FRCP Rule 37 provides relief for a party's failure to make disclosures or to cooperate in discovery based on a failure to comply with a court order and/or failure to disclose pursuant to Rule 26. Fed.R.Civ.P. 37(b) and (c). The relief sought by a party may include a) sanctions to prohibit a disobedient party from supporting designated defenses or from introducing designated matters into evidence; b) striking pleadings in whole or in part; and c) reasonable expenses, including attorneys' fees caused by failure to disclose. Fed.R.Civ.P. 37(b)(2), 37(c) and 37(d)(3).

27. FRCP Rule 37 'provides that a court may impose sanctions 'as are just' on a party that abuses the discovery process, such as failing to comply with a court order. For instance, the Court may issue an order 'striking pleadings in whole or in part', 'dismissing the action or proceeding in whole or in part,' or rendering a default judgment against the disobedient party".

*Granillo v. Belco Pipe Restoration*, 2014 U.S. Dist. LEXIS 32039, *3 (E.D.N.Y., Marc. 10, 2014). Fed.R.Civ.P. 37(b)(2)(A).

28. Courts have "wide discretion" in imposing sanction under Rule 37(b)(2). *Daval Steel Products, Div. of Francosteel Corp. v. M/V Fakredine*, 951 2d 1357 (2d Cir. 1991).

29. Further, Rule 37 (c) "permits a Court to impose a variety of sanctions… including attorney's fees." *In re Nw. Bay Partners* (Bankr. N.D.N.Y. 2021) Case #19-10615, decided April 27, 2021, at page 9, Hon. Robert E. Littlefield, U.S.B.J., citing *Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prods.*, 1:19-cv-3766-GHW, 2020 U.S. Dist. LEXIS 234361, AT #12 (SDNY Dec. 11, 2020).

30. In reviewing whether discovery violations should be sanctioned the Courts consider several factors, which include "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions;(3) the duration of the period of noncompliance; and (4) whether the noncompliant party had been warned of the consequences of …noncompliance." *Pergament v. Thillman, (In re Thillman)*, 548 B.R.1, (Bankr. E.D.N.Y. 2016) at pg. 8-9, citing, *World Wide Polymers,Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F3d 155, 159 (2d Cir.2012) (quoting *Agival v. Mid Island Mortg. Corp.*, 555 F.3D 298, 302-03 (2D Cir.2013). See also, *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451 (2d Cir.2009).

31. Joint Plaintiffs allege that the Defendant has violated the Court's Scheduling Order dated March 26, 2021 and failed to provide information as required by FRCP Rule 26 and that the sanctions requested are appropriate in this case.

32. Based on Defendant's conduct, he has failed to obey the Scheduling Order of this Court dated March 26, 2021, as concerns discovery and failed to disclose information pursuant to FRCP Rule 26. Defendant has failed to comply with the e-mail requests for information and/or

documents and respond to Plaintiff's First Set of Document Requests despite repeated requests, which were served as part of the Court's Scheduling Order March 26, 2021, for discovery.

33. It is undisputed that Defendant failed to comply with FRCP 26 disclosures as specifically requested by Plaintiffs.

34. It is further undisputed that Defendant failed to comply with the discovery requests and deadlines set by the Court in its Scheduling Order.

35. Defendant has offered no explanation for his repeated failure to fulfill his discovery obligations and remains unresponsive.

36. Defendant while appearing *pro se* in this adversary case was instructed by the Court at the pre-trial scheduling conference on March 25, 2021, that it was his decision to proceed *pro se* and that the case would proceed with discovery as explained by this Court.

37. Defendant, none the less, must comply with his discovery obligations in this adversary case. "While pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, must suffer the consequences of their actions". *Pergament v. Thillman, (In re Thillman)*, supra, 548 B.R.1, at page 8, citing *McDonald v. Head Criminal Court Superior Officer*, 850 F.2d 121, 124 (2d Cir.1988)

38. Defendant has been represented by counsel from the time of his petition filing on November 8, 2019, through a hearing on his counsel's request for mediation, which the Court denied on January 28, 2021. Defendant then served his answer as a *pro se* defendant in this case.

39. Defendant's actions show a willful and conscious refusal to participate in discovery.

40. The Court may consider Defendant's noncompliance to be willful as the Court's order and Plaintiff's requests for discovery have been clear and Defendant's noncompliance is

not due to any factors beyond his control. *In re Fosamax Prods. Liab. Litig.* No.06 MD 1789 (jfk) 2013 WL 1176061, AT *2 (S.D.N.Y.Mar.21, 2013).

41. Defendant's willful refusal to respond to the requests for discovery and his history of flouting Court Orders in multiple cases and from different courts shows that lesser sanctions would be futile in this case.

42. A court is "not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." *Shcherbakovsky v. Seitz*, 450 Fed.Appx 87 (2d Cir.2011).

43. Joint Plaintiffs, however, do not seek a dismissal of Defendant's answer. Joint Plaintiffs, instead, seek an order prohibiting Defendant from introducing the information and documents specifically requested through the FRCP Rule 26 disclosure and the items listed in the Plaintiff's First Set of Document Requests, none of which have been provided by Defendant and that the Court only strike the pleadings relevant to those discovery requests, namely, para. 7 and 8 in the answer.

44. Joint Plaintiffs believe for the reasons set forth above that these specific sanctions are warranted, and anything less would not suffice.

45. Even though the period of noncompliance has only been for approximately three (3) months such a time frame has been held to be sufficient to warrant dismissal by the courts. *Embuscado v. DC Comics*, 347 Fed.Appx. 700, 701 (2d Cir.2009). Again, the Joint Plaintiffs have requested lesser relief than a complete dismissal of the defendant's answer and striking his pleadings in whole. As lesser relief is requested, the duration of the period of noncompliance in this case corresponds to the relief requested from the Court.

46. Further, the Plaintiffs specifically advised Defendant and warned him of the consequences of noncompliance. On June 4, 2021, Plaintiffs emailed and sent Defendant a letter about the seriousness of his refusal to comply with discovery requests and that if the failures continued Plaintiffs would in fact submit a motion to this Court prohibiting him from introducing information and documents that Plaintiffs had requested and strike the pleadings in his answer that related to the information and documents.

47. Despite the warning by the Joint Plaintiffs, Defendant has continued being unresponsive and noncompliant as concerns the requests for discovery.

48. In addition to imposing sanctions under FRCP Rules 37(b)(2)(A)(i)-(vi) and 37(c), the Court must order the party failing to act the payment of reasonable expenses, including attorney's fees, caused by the failure unless the failure was substantially justified. FRCP Rule 37 (d)(3). The Court is requested to allow Joint Plaintiff's Counsel to submit an affirmation of services regarding the reasonable expenses incurred by Plaintiffs to be paid by the Defendant should the Court grant such relief at the hearing on this motion.

WHEREFORE, it is respectfully requested that the Court grant the motion by the Joint Plaintiffs in its entirety and for such other relief as the Court may deem just and proper.

Dated: Pelham, NY
June 8, 2021

By: /s/ *Jennifer A. Pasquantonio*
Jennifer A. Pasquantonio, Esq.
Joint Motion by Counsel for Plaintiffs
201 Wolfs Lane, 2nd fl.
Pelham, NY 10803
Tel.# (914) 632-6990