UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

Clifton Cole,

                Debtor.

-------------------------------------------------------------x
R.J. Bruzzano, Jr., Aldo Ianuzzi,
Carmela Ianuzzi, Daniel O'Connell,
Vincent Castanzo, William McNulty,
Richard McGuire, David Dias, Leonard
Catalano, Stephen Larosa, Irene Nellie
Costa, and Patricia Larosa,

                Plaintiffs,

   v.

Clifton Cole,

                Defendant.

-------------------------------------------------------------x

Case No. 8-19-77656-las

Chapter 7

Adv. Proc. No. 8-20-08256-las

### MEMORANDUM DECISION AND ORDER ON PLAINTIFFS' MOTION TO PRECLUDE DEFENDANT FROM USING WITNESSES NOT PROPERLY DISCLOSED

Before the Court is plaintiffs' motion pursuant to Rule 37(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), seeking to preclude defendant Clifton Cole ("defendant" or "Cole") from calling witnesses at a hearing or at a trial based on defendant's failure to comply with the automatic disclosure provisions of Fed. R. Civ. P. 26(a)(1).[1] [Dkt. No. 42]. Defendant did not file written opposition to the motion.

The Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and the Standing Order of Reference entered by the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 157(a), dated August 28, 1986, as amended by Order dated December 5, 2012.

---

[1] Rules 26 and 37 of the Federal Rules of Civil Procedure are made applicable to this adversary proceeding by Bankruptcy Rules 7026 and 7037, respectively.

1

The Court has carefully considered the parties' submissions and arguments and, for the reasons that follow, plaintiffs' motion to exclude witnesses is granted. Defendant will not be permitted to use on a motion, at a hearing, or at a trial any witnesses not properly disclosed under Fed. R. Civ. P. 26(a)(1)(A)(i).

## Background and Procedural History

On November 8, 2019, defendant filed a voluntary chapter 11 petition pursuant to 11 U.S.C. § 301.[2] [Bankr. Dkt. No. 1].[3] On January 31, 2020, the Court entered an Order granting defendant's motion to convert his chapter 11 case to a case under chapter 7 of the Bankruptcy Code pursuant to § 1112(a). [Bankr. Dkt. No. 31]. Defendant was represented by counsel in his bankruptcy case, but he is proceeding *pro se* in this adversary proceeding.

A. The Adversary Proceeding

On December 31, 2020, plaintiffs commenced this adversary proceeding against defendant seeking a judgment denying defendant a discharge of his debts under § 727(a)(2), (3), (4)(A), (4)(B), (5) and (6). In the alternative, plaintiffs seek to except from discharge debts owed to them by defendant under § 523(a)(2), (4) and (6). *See* Complaint [Dkt. No. 1].

On January 4, 2021, the Court entered a scheduling order setting March 4, 2021 as the date of the initial pretrial conference in this adversary proceeding and directing the parties to comply with the automatic disclosure provisions of Rule 26(a)(1) by no later than February 19, 2021. [Dkt. No. 3, ¶ 4]. The order also required the parties to submit, by no later than February 25, 2021, a joint letter setting forth a brief description of the case, any contemplated motions, a brief description of discovery that had already taken place, and the

---

[2] All statutory references to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., will hereinafter be referred to as "§ (section number)."

[3] Unless otherwise stated, all docket references to defendant's bankruptcy case, Case No. 19-77656, are cited as "[Bankr. Dkt. No. __]" and all docket references to this adversary proceeding are cited as "[Dkt. No. __]".

prospect for settlement. [*Id.*, ¶ 3]. Plaintiffs served the scheduling order on defendant on January 5, 2021. *See* Certificate of Service [Dkt. No. 5].

On January 21, 2021, defendant's bankruptcy counsel filed a notice of appearance in the adversary proceeding "for the limited purpose of mediation." [Dkt. No. 8]. The notice of appearance stated that a formal request for mediation "is forthcoming." [*Id.*] In addition, on January 21, 2021, bankruptcy counsel filed an affirmation of "non-representation" of Cole in the adversary proceeding and stated that he had advised Cole of the adversary proceeding and the claims asserted against him and of his obligation to timely file a responsive pleading. [Dkt. No. 9]. On the same day, bankruptcy counsel filed a letter requesting mediation followed by an amended letter requesting mediation. [Dkt. Nos. 10, 11]. On January 22, 2021, the Court entered an order scheduling a conference for January 28, 2021 on defendant's request to refer the parties to mediation. On January 22, 2021, plaintiffs filed a response to defendant's request for mediation. [Dkt. No. 14]. At the January 28, 2021 conference, the Court, after careful consideration of the statements of counsel for plaintiffs and defendant's bankruptcy counsel, declined to direct the parties to mediation. On February 2, 2021, defendant, proceeding *pro se*, filed an answer in which he denied the allegations made by plaintiffs and claimed that his former business partner kept all records and managed all bookkeeping until he departed the business in 2015. [Dkt. No. 16].

On February 25, 2021, plaintiffs' counsel filed with the Court a letter stating that they had not received a response from Cole regarding the joint pretrial letter due in advance of the March 4, 2021 initial pretrial conference and had been notified by a real estate broker in Cole's office that he was admitted to the hospital on February 24, 2021. [Dkt. No. 18]. On March 2, 2021, a copy of an email dated February 24, 2021 sent by "an agent" for Cole to plaintiffs' counsel was filed with the Court. The email requested an extension of the time to file a joint letter in advance of the initial pretrial conference and an adjournment of the March

3

4, 2021 initial pretrial conference due to Cole having been hospitalized. [Dkt. No. 21]. Also, on March 2, 2021, Cole filed with the Court an unsigned letter dated a day later, March 3, 2021, from Darlene Steigman PMHNP-BC stating that Cole had been under her care since August 2020 for a medical condition and requesting that the court proceeding scheduled for the next day, March 4, 2021, be postponed. [Dkt. No. 20]. No further information as to Cole's hospital stay or medical condition was filed in advance of the scheduled pretrial conference. Plaintiffs' counsel appeared at the March 4, 2021 pretrial conference. Cole did not appear. Although information concerning Cole's medical issue was sparse, under the circumstances, the Court adjourned the pretrial conference to March 25, 2021.

On March 6, 2021, plaintiffs served defendant with a Rule 34 document request. [Dkt. No. 24]. The Court views this document request as an early Rule 34 request under Rule 26(d)(2)(A) and, pursuant to Rule 26(a)(d)(2)(B), "[t]he request is considered to have been served at the first Rule 26(f) conference." Fed. R. Civ. P. 26(d)(2)(B). As discussed below, the first Rule 26(f) conference was held on March 25, 2021 (having been adjourned from March 4, 2021) and defendant's response to the Rule 34 request was therefore due by April 24, 2021. Fed. R. Civ. P. 34(b)(2)(A). Defendant did not timely respond.

On March 25, 2021, the Court held the adjourned initial pretrial conference attended by plaintiffs' counsel and Cole, appearing *pro se*. Consistent with the discovery time frame discussed at the conference, on March 26, 2021, the Court entered a Scheduling Order setting May 25, 2021 as the date by which all discovery must be completed. [Dkt. No. 26, ¶ 1]. The Scheduling Order also set the date by which the parties' initial disclosures must be made pursuant to Fed. R. Civ. P. 26(a)(1), i.e., fourteen days from the date of the Scheduling Order [*Id.*, ¶ 3], and set a post-discovery conference on June 10, 2021 [*Id.*, ¶ 8]. Further, the Scheduling Order provided a procedure by which the parties may raise a discovery dispute with the Court [*Id.*, ¶ 4], a procedure for requesting modification or extension of the dates set

4

forth in the Scheduling Order [*Id.*, ¶ 10], and the consequences of failing to comply with the Scheduling Order [*Id.*, ¶ 12]. Footnote 1 to the Scheduling Order made clear that it "applie[d] to counsel for all parties and those individuals appearing *pro se* (i.e., unrepresented parties). A party representing himself or herself must comply with the provisions of this [Scheduling] Order." [Dkt. No. 26, n.1]. Plaintiffs served the Scheduling Order on defendant on March 26, 2021. *See* Certificate of Service [Dkt. No. 28]. By the close of discovery on May 25, 2021, Cole had not produced the requested documents or made his initial disclosures. Additionally, during the discovery period, Cole did not serve any discovery demands.

B. Plaintiffs' Sanctions Motion

Plaintiffs filed a motion for sanctions pursuant to Rule 37(a)-(d) on June 9, 2021, contending that Cole had not provided the requested documents or the required disclosures and asserting violations of the Court's scheduling order and Rule 26(a). [Dkt. No. 42]. Cole did not file written opposition to the motion. After a hearing on the motion on July 15, 2021, attended by Cole and plaintiffs' counsel, the Court entered an order pursuant to Rule 37(a) compelling Cole to produce documents responsive to plaintiffs' requests within thirty-five days and adjourned plaintiffs' sanctions motion to August 26, 2021 [Dkt. No. 49]. At the subsequent sanctions hearing, plaintiffs noted that Cole had provided some of the requested documents but argued that the documents were incomplete and not fully responsive to the request. [Dkt. No. 52]. Cole requested an additional two weeks to comply with the order compelling production, and the Court extended Cole's time to respond to September 9, 2021 and adjourned the motion for sanctions to September 14, 2021. [*Id.*]. On September 13, 2021, plaintiffs filed a reply to the response received from Cole on September 9, 2021 asserting that the document production and response were deficient and again requesting that appropriate sanctions be imposed. [Dkt. No. 52].

5

At the adjourned hearing on the sanctions motion on September 14, 2021, plaintiffs renewed their request for sanctions under Rule 37(b)-(d) and sought an order precluding Cole from introducing any evidence or witnesses not provided to plaintiffs in discovery. In response, Cole asserted that he had produced all the documents in his possession. Cole also noted, for the first time, that he had a list of eighty witnesses that he wanted to call to testify on his behalf and argued that he was not aware of a requirement to disclose these witnesses to the opposing party. The Court granted Cole a two-week extension to provide plaintiffs with a list of witnesses and a brief description of the matters to which they were expected to testify by no later than September 28, 2021. [Dkt. No. 54]. At 11:35 p.m. on September 28, 2021, Cole emailed plaintiffs' counsel an unsigned witness list containing seventy-eight names, many of which were missing an email address, a phone number, or both. [Dkt. No. 58]. Furthermore, Cole did not provide addresses for the witnesses or the subject matter to which Cole expected them to testify. [*Id.*]. In a reply dated October 4, 2021, plaintiffs again requested that Cole be precluded from introducing any evidence or witness testimony that was not properly disclosed. [*Id.*]. Thereafter, the Court held oral argument on the motion. At the conclusion of the hearing, and for the reasons set forth on the record, the Court ruled that defendant was precluded from using witnesses to supply evidence on a motion, at a hearing, or at trial that were not properly disclosed to plaintiffs. This decision is consistent with and explains further the bases of the Court's ruling.

## Discussion

A. Legal Principles

Rule 26(a) requires parties to disclose "without awaiting a discovery request . . . the name and, if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for

6

impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). "[T]o satisfy Rule 26, parties must make an unequivocal statement that they may rely upon an individual on a motion or at trial." *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 73 (E.D.N.Y. 2012). "The purpose of this disclosure is to alert an opposing party of the need to take discovery of the named witness." *Pal v. N.Y. Univ.*, No. 06-CV-5892 (PAC) (FO), 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008) (citing *Alfano v. Nat'l Geographic Channel*, No. 06-CV-3511 (NG) (JO), 2007 WL 2982757, at *1 (E.D.N.Y. Oct. 5, 2007) (required disclosure is "not merely that a person is a potential source of information, but that the party may call upon him to provide it.")); *see Irish v. Tropical Emerald LLC*, No. 18-CV-82-PKC-SJB, 2021 U.S. Dist. LEXIS 87946, at *3 (E.D.N.Y. May 6, 2021) ("Rule 26(a)(1) requires disclosure of fact witnesses in a timely fashion so the opposing party may take discovery of that witness.").

"A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed R. Civ. P. 26(a)(1)(C). Furthermore, Rule 26(e) provides that a party who has made a Rule 26(a) disclosure or who has responded to a discovery request "must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]" Fed. R. Civ. P. 26(e)(1)(A).

Additionally, Rule 26(g) provides, in relevant part, that "[e]very disclosure under Rule 26(a)(1) . . . must be signed by . . . the party personally, if unrepresented–and must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 26(g)(1). The disclosing party's signature "certifies" that the disclosure is "complete and correct as of the time it is made." Fed. R. Civ. P. 26(g)(1)(A). In turn, Rule 26(g)(3) provides that "[i]f a certification violates this rule without substantial justification, the court, on motion or on its

own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both." Fed R. Civ. P. 26(g)(3).

"The burden is on the movant to establish that the alleged dilatory party breached its disclosure obligations under Rule 26." *In re CIL Ltd.*, No. 13-11272-JLG, 2019 WL 1750909, at *8 (Bankr. S.D.N.Y. Apr. 8, 2019) (citing *In re September 11th Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007)).

Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Harris v. Lewis*, No. 16-CV-1214, (PKC) (JO), 2019 U.S. Dist. LEXIS 188310, at *2 (E.D.N.Y. Oct. 30, 2019). The dilatory party carries the burden of proving substantial justification or harmlessness. *See Schiller v. City of N.Y.*, 2008 U.S. Dist. LEXIS 79620, at *12 (S.D.N.Y. Oct. 9, 2008).

Rule 37(c)(1)'s preclusionary sanction is self-executing absent a finding of substantial justification or harmlessness. *See* Fed. R. Civ. P. 37(c) advisory committee's notes to 1993 amendment. As relevant here, the Advisory Committee Notes to the 1993 amendment to Rule 37(c) explain the import of the two safeguards provided by Rule 37(c)(1), to wit, "[l]imiting the automatic sanctions to violations 'without substantial justification,' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations: *e.g.*, . . . the lack of knowledge of a pro se litigant of the requirement to make disclosures" provided, however, that "exclusion would be proper if the requirement for disclosure had been called to the [*pro se*] litigant's attention by either the court or another party." Fed. R. Civ. P. 37(c) advisory committee's notes to 1993 amendment.

Accordingly, when a party fails to make timely disclosures as mandated by Rule 26(a) or (e), Rule 37(c)(1) authorizes the court to impose a preclusion order absent a finding that non-compliance was "substantially justified" or "harmless." "Substantial justification may be demonstrated where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request or if there exists a genuine dispute concerning compliance." *Lujan*, 248 F.R.D. at 68 (quoting *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. Feb. 15, 2012) (internal quotation marks omitted)). "An omission or delay in disclosure is harmless where there is an absence of prejudice to the offended party." *Id.* (internal quotation marks and citation omitted). Furthermore, "[a] failure to disclose can be considered harmless, so long as the opposing party has an opportunity to depose the witness before trial." *Harris*, 2019 WL 5592747, at *1 (quoting *Bynum v. Metro. Transp. Auth.*, No. 01-CV-7945 (CLP), 2006 WL 6555106, at *2 (E.D.N.Y. Nov. 21, 2006)).

"Despite the mandatory nature of Rule 37(c)(1), the Second Circuit has held that preclusion is a discretionary remedy, even if the trial court finds that there is no substantial justification and the failure to disclose is not harmless." *Pal*, 2008 WL 2627614, at *3 (quoting *Design Strategy, Inc. v Davis*, 469 F.3d 284, 297 (2d Cir. 2006)); *see also Harris,* 2019 WL 5592747, at *1. "Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley v. New York*, 837 F.2d 587, 591 (2d Cir. 1988); *see also S. New England Tel. Co. v. Global NAPS, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (internal quotation marks and citation omitted) ("The district court is free to consider the full record in the case in order to select the appropriate sanction."); *Pal*, 2008 WL 2627614, at *3 ("[T]he preclusion of witness testimony is a harsh sanction that should be imposed with

caution."). Thus, to determine whether to exclude untimely disclosed evidence or witnesses, courts in the Second Circuit consider the following four factors: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (alteration in original) (quoting *Softel, Inc. v. Dragon Med. & Sci. Commc'ns*, 118 F.3d 955, 961 (2d Cir. 1997)).

B. Analysis

With the foregoing legal principles in mind, the Court now turns to plaintiffs' request to preclude defendant from using witnesses to supply evidence on a motion, at a hearing, or at trial that were not properly disclosed in accordance with Rule 26(a)(1)(A)(i). For the following reasons, the Court imposes a preclusion order.

Plaintiffs contend that Cole has failed to comply with Rule 26, the Court's Scheduling Order, the Court's order compelling Cole to produce documents, and the Court's order directing Cole to produce a list containing the name, and, if known, the address and telephone number of each individual likely to have discoverable information and the subject matter of that information. [Dkt. Nos. 42, 58]. In response, Cole asserted at the hearing on October 7, 2021 that he has produced all relevant documents in his possession and claimed that he has complied with the Court's order to produce a list of witnesses by September 28, 2021. With equal certitude, plaintiffs disagree and maintain that Cole's failure to meet his disclosure obligations warrants the imposition of sanctions under Rule 37(c) in the form of a preclusion order.

In deciding whether to impose sanctions under Rule 37(c), the Court must first determine whether Cole has violated Rule 26(a)(1)(A)(i) by failing to provide plaintiffs with the identity of those individuals with discoverable information that Cole may use to support

his claims or defenses in this adversary proceeding. The Court's Scheduling Order entered on March 26, 2021, one day after the initial pretrial conference, directed that "[i]nitial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order." [Dkt. No. 26]. The Scheduling Order also provided for the completion of all discovery "no later than May 25, 2021." [*Id.*]. Cole did not make the initial disclosures required by Rule 26(a)(1) in accordance with the Scheduling Order nor did he serve, before the close of discovery, a supplemental disclosure naming any individuals with discoverable information. Despite his failure to submit the required Rule 26(a)(1) disclosures by the fourteen-day deadline set forth in the Scheduling Order or even prior to the discovery completion date, the Court gave Cole an additional opportunity to comply with the Scheduling Order and his obligations under Rule 26(a)(1). On September 15, 2021, the Court entered an Order directing Cole to provide "a written list, signed by defendant, containing 'the name, and if known, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that [defendant] may use to support [his] claims or defenses.'" [Dkt. No. 54]. The Order required that the list be served on plaintiffs' counsel by September 28, 2021. [*Id.*]. As noted above, at 11:35 p.m. on September 28, 2021, Cole emailed plaintiffs' counsel an unsigned witness list containing seventy-eight names, many of which did not have an email address, a phone number, or both, and none contained a physical address. Furthermore, in his disclosure, Cole did not provide the subject matter to which he expected the individuals to testify. The skeletal list of seventy-eight names does not comply with the requirements of Rule 26(a)(1) or this Court's Order in which it gave Cole an opportunity, well after the close of discovery, to compile a list of individuals with discoverable information and whose testimony he intended to use to support his claims or defenses in this adversary proceeding.

11

By failing to properly identify witnesses, the Court concludes that Cole did not meet his disclosure obligations under Rule 26(a)(1)(A)(i). Despite the Court's granting Cole further opportunities to comply with the Court's discovery scheduling orders and Rule 26(a), Cole still failed to produce a proper witness list. Cole's delay in providing proper disclosure of intended witnesses, coupled with his failure to provide the subject matter to which the seventy-eight individuals would testify, did not alert "[plaintiffs] of the need to take discovery of the named witnesses." *Pal*, 2008 WL 2627614 at \*4; *see also Pik Quan Leong v. 127 Glen Head Inc.*, No. CV 13-5528 (ADS) (AKT), 2016 U.S. Dist. LEXIS 26666, at \*12 (E.D.N.Y. Mar. 2, 2016). Finally, Cole did not sign the list of witnesses and certify to plaintiffs that it is complete and accurate as required by Rule 26(g), even after his failure to certify was brought to his attention. In short, Rule 26(a)(1)(A)(i) requires more than a submission of a skeletal list of names. What must be contained in the initial disclosure of potential witnesses is clearly spelled out in Rule 26(a)(1)(A)(i).[4] Merely listing a name is not the equivalent of identifying the witness sufficiently to put the adverse party on notice that the producing party may use that witness to support its claims or defenses.

Having concluded that Cole did not comply with Rule 26(a)(1)(A)(i), the Court now considers whether Cole has demonstrated that his non-compliance was substantially justified or harmless. For the following reasons, the Court finds that he has not. It is undisputed that Cole was required to make the initial disclosures under Rule 26(a)(1), the Court's discovery scheduling order and pursuant to the subsequent order of the Court allowing him additional time to do so. Cole's sole explanation for his failure in the first instance to comply with the disclosure requirements of Rule 26(a) is that, as a non-attorney, he is unfamiliar with the

---

[4] As noted previously, at the hearing to consider the sanctions motion, the Court gave Cole an opportunity to meet his disclosure obligations under Ruler 26(a)(1)(A)(i) and, in so doing, the Court set forth on the record what the disclosure must contain. Additionally, the Order entered by the Court giving Cole the opportunity to disclose the identity of individuals with discoverable information similarly set forth what the disclosure must contain.

processes required to present witnesses and evidence at trial. The Court is mindful that Cole is proceeding *pro se* in this action and "[i]t is well established a court is ordinarily obligated to afford a special solicitude to *pro se* litigants." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Iwachiw v. N.Y. City Bd. of Educ.*, 194 F. Supp. 2d 194, 201–02 (E.D.N.Y. 2002).

The Scheduling Order entered pursuant to Rule 16(b)[5] one day after the initial pretrial conference attended by Cole established, among other things, the deadlines for Rule 26(a)(1) disclosures and the completion of all discovery. The Scheduling Order also specified that it applied to parties appearing *pro se* in this adversary proceeding, and the record reflects that the Scheduling Order was served on Cole. Additionally, when Cole claimed, months after the close of discovery and in the face of a motion under Rule 37(c)(1) requesting entry of a preclusion order, that he was not aware of the requirement to disclose in advance witnesses he may call at trial, the Court granted him the opportunity to fulfill his disclosure obligation. And yet, despite the leniency afforded to him, he did not comply with the Court's directive to properly disclose witnesses. Non-disclosure followed by incomplete disclosure consisting of a skeletal list of seventy-eight names is not synonymous with compliance under Rule 26(a)(1)(A)(i) nor this Court's order. Cole, therefore, has not demonstrated that his failure to disclose was substantially justified by reason of his *pro se* status in this adversary proceeding. *See* Fed. R. Civ. P. 37(c)(1) advisory committee's notes to 1993 amendment ("lack of knowledge of a pro se litigant of the requirement to make disclosures" is considered when

---

[5] Fed. R. Civ. P. 16 is made applicable to this adversary proceeding by Bankruptcy Rule 7016(a).

determining whether to impose sanctions for failure to make a disclosure required by Rule 26(a) and noting that exclusion "would be proper if the requirement for disclosure had been called to the litigant's attention by either the court or another party").

Cole has also failed to demonstrate that his non-compliance is harmless. Allowing an improper skeletal list of seventy-eight names disclosed months after the close of discovery would require the Court to reopen discovery to afford plaintiffs an opportunity to depose the "additional witnesses" all without knowledge of the subject matter to which the individuals are expected to testify. Reopening discovery under these circumstances would unduly delay the resolution of this adversary proceeding and impose additional litigation costs on the parties, particularly plaintiffs who would have to now sift through the seventy-eight names and expend extensive resources, including time and money, to decide how best to proceed with additional discovery. It is unreasonable to expect that plaintiffs would depose seventy-eight individuals. This is not a case where an untimely disclosure may be rendered harmless by reopening and extending discovery for the purposes of taking a deposition.

Because Cole's failure to properly disclose was not substantially justified or harmless, the Court must consider the *Patterson* factors to determine whether entry of a preclusion order is appropriate under Rule 37(c).

The first *Patterson* factor–"the party's explanation for the failure to comply with the disclosure requirement"–weighs in favor of plaintiffs. Here, Cole has not offered a sufficient explanation for his failure to meet his disclosure obligations. As discussed above, his sole explanation for the failure to comply is his *pro se* status and lack of legal training. Based on the record in this case, that alone is not a persuasive argument why an untimely skeletal list of seventy-eight names should be permitted to act as the required disclosure of fact witnesses. The Court, mindful that Cole was proceeding in this action *pro se*, gave him multiple opportunities to meet his disclosure obligations and yet he failed to properly do so.

The second *Patterson* factor–"the importance of the testimony of the precluded witnesses"–also weighs in favor of plaintiffs. Cole did not provide the subject matter to which the seventy-eight witnesses would testify, and he did not explain how the absence of testimony from these seventy-eight witnesses would affect his defense of an action to bar his discharge under § 727(a) or to except plaintiffs' debt from discharge under § 523(a). The absence of any detail about the substance of any proposed testimony from seventy-eight witnesses is telling. The Court is unable to gauge the potentially probative value of the witness testimony and whether it is likely to be duplicative or cumulative.

Furthermore, the heart of this dispute is whether Cole's alleged conduct before and after he filed for bankruptcy warrants denial of a discharge of his debts or, if he is to receive a discharge, why the discharge should include the debt owed by him to plaintiffs. It bears repeating that he has not offered any explanation how testimony from seventy-eight witnesses is relevant to a determination to withhold his discharge under § 727(a)(2)-(6) based on his alleged misconduct or lack of cooperation in the administration of his bankruptcy case, or whether to except from discharge plaintiffs' debt under § 523(a)(2)(A), (4) and (6) based on his alleged conduct in connection with the debt. In the end, it is testimony from Cole himself that is expected to be important in meeting the allegations of misconduct lodged by plaintiffs in this adversary proceeding.

The third *Patterson* factor–"the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony"–likewise weighs in favor of plaintiffs. As discussed above in the context of whether Cole's non-compliance is harmless, prejudice exists because permitting the skeletal list of seventy-eight witnesses to serve as a proper disclosure months after the close of fact discovery would require the Court to reopen discovery to allow plaintiffs to depose multiple witnesses without any inkling as to the subject matter of their testimony. Permitting these witnesses to testify will cause further delay in this adversary

proceeding and substantially increase litigation costs. *See Pal*, 2008 U.S. Dist. LEXIS 50902, at \*15. This is not an instance where a short discovery extension would rectify a complete failure to abide by disclosure requirements and lessen the prejudicial effect on the opposing party occasioned by a last-minute disclosure. The attendant time and expense of seeking to depose upwards of seventy-eight individuals and preparing to meet that testimony cannot be minimized.

Finally, the fourth *Patterson* factor–"the possibility of a continuance"–does not, at first glance, appear to weigh in favor of either party. A trial date has not been set so arguably a continuance is not in play here. Yet, while a trial is not imminent, reopening and extending discovery to cure the effects of an untimely disclosure is not, as set forth above, without its adverse consequences, including unduly delaying the prosecution of this adversary proceeding. It would not be a "curative" short discovery extension because plaintiffs would be eyeing multiple depositions in view of the skeletal list of seventy-eight names provided by Cole that will undoubtedly delay setting a trial date in the near term. Given the circumstances, upon a closer look, this factor weighs in favor of preclusion.

## Conclusion

For the reasons above, plaintiffs' motion to exclude witnesses is granted. Defendant will not be permitted to use on a motion, at a hearing, or at a trial any witnesses not properly disclosed under Fed. R. Civ. P. 26(a)(1)(A)(i).

So Ordered.



**Dated: March 30, 2022**
**Central Islip, New York**

**Louis A. Scarcella**
**United States Bankruptcy Judge**